1828.

Aikin
v.
Satterlee.

---

## AIKIN AND TEN EYCK *v.* SATTERLEE AND SATTERLEE.

A party cannot set off a judgment, unless he is the beneficial, as well as the nominal owner of it.

Where A. indemnified T., a sheriff, against selling S.'s goods, for which S. recovered a judgment against T.; held, that A. and T. could not set off against S. a judgment which A. had purchased for less than one-third of its amount, and taken an assignment of it in the sheriff's name.

December 2d.

AIKIN, having obtained judgment against Southwick, Ten Eyck, sheriff of Albany County, being indemnified by Aikin, levied on the property of the defendants, and sold it as the property of Southwick, under a *fi. fa.* in favor of Aikin. The defendants sued Ten Eyck in the Supreme Court for the trespass, and recovered, in October, 1827, $500. In the October term of that court, in the year 1826, Turner obtained judgment against the defendants for $618 99; which, in September, 1827, Aikin purchased for $175, and took an assignment to Ten Eyck, in his (Ten Eyck's) name. The defendants in their answer offered to deduct the amount actually paid by Aikin from their judgment against Ten Eyck, provided the judgment so assigned to Aikin was satisfied and discharged thereby. The defendants moved, upon bill and answer, to dissolve the injunction issued to restrain their proceeding at law to collect their judgment against Ten Eyck.

*J. Edwards,* for the complainant:—Where a judgment can be enforced against a party, such party may set off

against it a judgment which he has recovered in his own name, or acquired by assignment. (*Simpson* v. *Hart*, 14 John. R. 63, 3d *vol. Amer. Dig. 451.)   The right to set off judgments against each other does not depend upon the statute of set-offs, but upon the general jurisdiction of the court over its suitors. (*Mitchell* v. *Oldfield*, 4 T. R. 123; 2 Str. R. 891.)   In *O'Conner* v. *Murphy*, (1 H. Black. R. 659,) the court allowed a person to off set a judgment in which he had only the beneficial interest, and was not a party on the record. (Montague, 11; 2 H. Black. 587.)

*L. H. Palmer*, for the defendants:—The Supreme Court have decided this question, and disallowed the set-off.   No new equity is set up here. (*Satterlee* v. *Ten Eyck*, 7 Cowen, 480.)   The complainant Ten Eyck, having no beneficial interest in the judgment of Turner, is not entitled to the set-off. (*Tuttle* v. *Beebe*, 8 John. R. 152; *Fair* v. *McIxer*, 16 East, 131.)   To allow the set-off in this case would be an injury and fraud upon the creditors of the defendants. (1 John. Cas. 51; 2 Caines. Cas. in Err. 303; 19 John. R. 323; 20 John. R. 137.)   It would also be against public policy. (*Earl of Chesterfield* v. *Jansen*, 1 Atk. 352; 2 Ves. sen. 156.

THE CHANCELLOR:—This is the same case which was before the Supreme Court on an application for a set-off, in October term, 1827.[1]   (7 Cowen, 480.)   The same question is now presented to this court, with the additional fact, that Aikin purchased the judgment, which he seeks to set off against these defendants, for less than one-third of its nominal amount.   And the defendants, in their answer, say they have offered, and are still willing to deduct the amount actually paid by Aikin for the same, from their recovery against the sheriff, provided the judgment so assigned to Aikin is satisfied and discharged thereby.

This court can never permit a person to say, I am the real defendant, in a judgment founded in tort, because I em-

[1] *Mason* v. *Knowlson*, 1 Hill N. Y. R. 218.

ployed the nominal defendant to trespass upon the rights of the plaintiff and indemnified him for so doing. The whole merits of this case were fully before the Supreme Court, and although their decision may not be deemed technically binding and conclusive here, yet I can see no reason to dissent *from the opinion there expressed. The defendants have offered to do what was equitable, and probably more than they could have been legally required to do. The injunction must therefore be dissolved.