STETSON & CO. *vs.* GOLDSMITH.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *Trespass by levy of void legal process.*—A party who procures a sheriff to levy an attachment which is void on its face, is a trespasser.

3. *Equitable relief against judgment at law.*—A party against whom a judgment at law has been rendered, in an action of trespass, for procuring the levy of an attachment which was void on its face for want of authority on the part of the officer by whom it was issued, cannot obtain relief against it in equity, on the ground that the attachment was not sued out wrongfully or maliciously, but to prevent the apprehended loss of an existing debt; and that the decision of the supreme court, holding such attachment void for want of authority on the part of the officer by whom it was issued, had not then been pronounced, and was contrary to the practice and general understanding of the bench and bar.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellants, against Meyer Goldsmith and others, and sought to enjoin a judgment at law for $5,000, which Goldsmith had obtained against them in an action of trespass. The alleged trespass, on which Goldsmith's action at law was founded, was the act of said Stetson & Co. in procuring the levy of an attachment on a stock of goods in the possession of Goldsmith. This attachment was in favor of Stetson & Co., against Goldsmith; was sued out on the ground that the

42

defendant had money, property and effects, liable to satisfy his debts, which he fraudulently withheld; and was issued by the clerk of the city court of Mobile, on the 11th March, 1855, which was prior to the decision of this court in Stevenson v. O'Hara, 27 Ala. 362, holding that such an attachment was void for want of authority in the clerk to issue it. The goods levied on were sold, under an order of court, as perishable property; the net proceeds of sale, amounting to $2,262 67, being paid into court. By a subsequent order of the court, $417 of this amount was paid to the landlord of the store in which the goods were found, for rent. On the 15th May, 1855, judgment by *nil dicit* was rendered against the defendant; an execution issued thereon was, on the 28th September, 1855, returned " no property found; " and the judgment is still unsatisfied. In the action brought by Goldsmith against Stetson & Co., judgment was rendered for the plaintiff, in May, 1856; and this judgment was affirmed on error by the supreme court at its January term, 1857.

The bill alleged, that the plaintiffs' attachment against Goldsmith was not sued out for the purpose of vexing or harassing him, but for good and sufficient cause, and to prevent the loss of a *bona fide* debt; that it was, at that time, customary with the clerk of the city court to issue original attachments,—his power to do so being unquestioned; that the question of his authority was first mooted in the case of Stevenson v. O'Hara, in 1855; that the city court decided in favor of his authority, but its judgment was reversed on error by the supreme court; that this decision of the supreme court had not been made when plaintiffs' said attachment was issued; and that it is contrary to the practice and common understanding of the bench and bar in Mobile, and has since been re-affirmed by a divided court, in Matthews, Finley & Co. v. Sands & Co., reported in 29 Ala. 136.

On the coming in of the answers, the chancellor made an interlocutory decree, ordering the injunction to be dissolved, unless the complainants, within five days after notice of the order, should pay to the assignees of Gold-

mith's judgment against them the amount due on said judgment, after deducting therefrom the amount claimed to have been paid to Goldsmith's landlord for rent, and the amount due to complainants on their judgment against Goldsmith ; and requiring refunding bonds from the assignees, to abide the final determination of the cause.   This decree is now assigned as error by the complainants.

K. B. SEWALL, for the appellants.

WM. BOYLES, *contra.*

RICE, C. J.—The interlocutory order appealed from did not dissolve the injunction unconditionally; but allowed the complainants to prevent the dissolution by paying, within five days after notice of the order, the balance of the judgment against them that might remain after deducting from that judgment " the amount of rent claimed to have been paid the landlord of defendant Goldsmith, and *the amount* claimed by complainants as set-off." If the complainants had paid the balance required of them by the order, the amount left in their hands of the judgment against them would have been equal to the amount of their judgment against Goldsmith, and the amount o the rent which they claimed they had paid to his landlord. It is clear that the complainants were not injured by the order, and have no right to its reversal, unless upon the allegations of the bill, and the responsive matter of the answers, they are entitled to a perpetual injunction of *the entire judgment* for damages obtained against them at law by Goldsmith.

That judgment is founded on a trespass committed by them, and virtually admitted in their bill.—Stevenson v. O'Hara, 27 Ala. R. 362; Matthews v. Sands, 29 *ib*. 136; Crumpton v. Newman, 12 *ib*. 199 ; Noles v. The State, 24 *ib*. 672.   The matters relied on for an injunction of *the whole of it,* if available anywhere, were in their nature available at law.   It is not established that the complainants were prevented from availing themselves of these matters at law, by fraud, accident, or the act of the oppo-

site party, *unmixed with negligence or fault on their part.* Ignorance, which was avoidable by reasonable diligence, cannot form any part of a complainant's title to relief in equity. No sufficient excuse for complainants' ignorance is established; and upon the allegations of the bill, and the responsive matter of the answers, a court of equity cannot relieve the complainants from the entire consequences of their admitted trespass. To do so, would amount to nothing less than the assertion of a power in that court to give indemnity to trespassers, against the consequences of their admitted trespass, in defiance of the most salutary public policy, and the best settled principles of law.—French v. Garner, 7 Porter, 549; Taliaferro v. Bank, 23 Ala. Rep. 755; White v. Ryan & Martin, at the present term; Aikin & Ten Eyck v. Satterlee, 1 Paige, 289.

The order appealed from is affirmed, at the costs of appellants.