HENDERSON *vs.* McVAY.

32 471<br>143 474

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW.]

1. *Set-off of judgments on ground of insolvency.*—Plaintiff having recovered a judgment against defendant, and defendant having afterwards recovered a judgment against the sheriff, who was indemnified by plaintiff to make the levy on which defendant's action was founded, and defendant having assigned his judgment to a third person on the day of its rendition, the two judgments cannot be set off against each other in equity, on account of the defendant's insolvency, unless it is alleged and proved that he was insolvent at the time of the assignment of his judgment.

2. *When creditor may come into equity.*—A judgment creditor. without a return of " no property found " on an execution, cannot come into equity to reach a judgment recovered by his debtor against the sheriff, on the ground that its assignment to a third person was fraudulent and without consideration.

3. *Weight of responsive answer.*—An answer which is responsive to the bill, and which is not overturned by the requisite amount of proof, must prevail.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. A. J. WALKER.

THE bill in this case was filed by Samuel Henderson, the appellant, against Lancaster C. McVay, Hugh McVay, the heirs of John McVay, deceased, C. C. Gewin, and Isaac N. Owen. Its object was, to set off a judgment which Henderson had obtained against said Lancaster C. McVay, against a judgment which said McVay had obtained against said C. C. Gewin, as sheriff of said county. Henderson's judgment against McVay was recovered in the name of one D. H. Valiant, for the use of Henderson, in January, 1839, and was founded on a promissory note executed by said McVay, with Hugh and John McVay as his sureties. In July, 1840, Henderson obtained another judgment on said note, against said Hugh and John McVay, the sureties. A *pluries fi. fa.* on this latter judgment was levied by C. C. Gewin, the sheriff of the county, on a slave named Letty, who was sold under the execution on the 6th June, 1842, and brought $230, which was applied as a credit on the execution. The slave was levied on as the property of said John McVay, and the plaintiff

indemnified the sheriff to make the levy. Lancaster C. McVay claimed the slave as his property, and brought an action of trespass against the sheriff for making the levy and sale. He recovered a judgment in that action, on the 20th September, 1843, for $448; and the sheriff, at the same time, obtained a judgment against Henderson, on notice and motion, for the same amount. The judgment recovered by said Lancaster McVay against the sheriff was assigned on the day of its rendition to said Isaac N. Owen. The bill alleged, that Lancaster, Hugh and John McVay were all insolvent; and sought to enjoin the judgments recovered by said Lancaster against Gewin, and by Gewin against Henderson, and to have the former judgment set off against Henderson's judgment against said Lancaster. Other facts are disclosed by the record, which the view taken of the case by the court renders immaterial.

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

PETERS & HODGES, for appellant.

R. O. PICKETT, contra.

RICE, C. J.—Henderson, the complainant, has a judgment against Lancaster C. McVay, which he here seeks to set off against a judgment which McVay recovered against C. C. Gewen, sheriff of Lawrence county, and assigned to Isaac N. Owen on the day of its rendition, before this suit was commenced. To affect the equity derived by Owen from this assignment of the judgment to him, the facts which give Henderson a right to the set-off claimed by him must be *alleged*, as well as proved, to have existed *before* Owen acquired his right. No such facts are averred. True, the insolvency of McVay at the time the bill was filed is averred, but not his insolvency *at or before the assignment to Owen;* and his insolvency *after* the assignment could not give Henderson the right to the set-off which he seeks. It is impossible to sustain the claim to the set-off.—Robbins v. Holley, 1 Monroe, 191;

Aikin v. Satterlee, 1 Paige, 289 ; Sellers v. Bryan, 2 Dev. Eq. R. 358 ; Cotton v. Evans, 1 Dev. & Batt. Eq. R. 284 ; Hackett v. Connett, 2 Edw. Ch. R. 73 ; Francis v. Rand, 7 Conn. R. 221.

Nor can we sustain the claim of Henderson to reach the judgment against Gewin, on the ground that its assignment to Owen was fraudulent and without consideration. In the first place, Henderson shows no right to raise the question of fraud in the assignment, as he does not allege a return of no property on an execution issued under his judgment against said McVay.—Sanders v. Watson, 14 Ala. R. 198. In the second place, if he had the right to raise that question, the answer of Owen asserts that the assignment was fair and for a valuable consideration ; and the answer, in that respect, is responsive to the statement and interrogatory of the amended bill, and is not overturned by the evidence. The answer, in that particular, being responsive, and not overturned by the evidence, must prevail.

There is no error ; and the decree is affirmed, at the costs of appellant.