Goldsmith v. Stetson & Co.

GOLDSMITH *vs.* STETSON & CO.

[BILL IN EQUITY FOR INJUNCTION OF JUDGMENT AT LAW, OR SET-OFF OF JUDGMENTS AGAINST EACH OTHER.]

1. *Equitable set-off of judgments on ground of insolvency.*—Cross judgments at law may be set off against each other in equity by either party, on proof of the insolvency of the other.

2. *Waiver of process by appearance.*—An appearance by the defendant is a waiver of any defect in the process or its service, and renders a judgment by *nil dicit* valid, although the process may be void.

3. *Effect of judgment in trespass.*—A judgment in trespass, for procuring the seizure of goods under void process, does not vest in the trespasser the title to the goods: to have that effect, there must be a satisfaction of the judgment.

4. *Sale of goods, by order of court, under void attachment, and payment of proceeds to clerk.*—Where goods, which have been seized under a void attachment, are sold as perishable by order of the court, and the proceeds of sale are paid into the hands of the clerk, the defendant in attachment may, at his election, claim and recover the money as his own; but the plaintiff in attachment has no lien on it, although he may have prosecuted his suit to a valid judgment by *nil dicit;* nor has the court any jurisdiction to order it to be paid over to the plaintiff on his judgment, or to paid to the defendant's landlord on a claim for rent; and such orders, being void, cannot in any way affect the rights of the parties.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. M. J. SAFFOLD.

THE bill in this case was filed, on the 25th August, 1857, by M. S. Stetson & Co., against Meyer Goldsmith and others ; and sought to perpetually enjoin a judgment at law, which said Goldsmith had obtained against the complainants, or, if that could not be done, then to set off against said judgment another judgment, which the complainants had obtained against him. Goldsmith's judgment against the complainants, which was for $5,000, was rendered in the circuit court of Mobile, in May, 1856, and was affirmed by the supreme court, on appeal, at its January term, 1857. The cause of action, on which the suit in that case was founded, was an alleged trespass, committed by the complainants, in procuring the levy of an attachment on a stock of goods in the possession of Goldsmith ; and the action was commenced on the 29th March, 1855. The said attachment was in favor of the complainants, and was sued out on the ground that the defendant had money, property, and effects, liable to satisfy his debts, which he fraudulently withheld ; and it was issued by the clerk of the city court of Mobile, on the 11th March, 1855. The goods seized under the attachment were sold, by order of court, as perishable property ; and the net proceeds of sale,

Goldsmith v. Stetson & Co.

which amounted to $2,262 67, were paid into the hands of the clerk of the city court. By a subsequent order of the court, $417 of this sum was paid to the landlord of the store in which the goods were found, for rent, leaving a balance of $1,845 67 in the hands of the clerk. Judgment by *nil dicit* was rendered against the defendant, on the 15th May, 1855; an execution, issued thereon, was returned "no property found," on the 28th September, 1855; and the judgment was unsatisfied when the bill in this case was filed. An execution was also issued on Goldsmith's judgment against the complainants, after its affirmance on appeal, and was levied by the sheriff, a few days before the bill was filed, on a stock of goods belonging to them.

The bill sought a perpetual injunction of Goldsmith's judgment against the complainants, on two distinct grounds. The first ground was, that their attachment was sued out, not for the purpose of vexing or harassing him, but for good and sufficient cause, and to prevent the loss of a *bona-fide* debt; that it was customary, at that time, for the clerk of the city court to issue original attatchments; that his authority to do so was first questioned in the case of *Stevenson v. O'Hara*, in 1855; that the city court sustained his authority, but its judgment was reversed, on appeal, by the supreme court; that this decision of the supreme court had not been made when said attachment against Goldsmith was sued out; that it was contrary to the practice and common understanding of the bench and bar in Mobile, and was afterwards re-affirmed by a divided court, in the case of *Matthews, Finley & Co. v. Sands & Co.*, reported in 29 Ala. 136. These facts were stated and relied on as constituting a case for equitable relief on the ground of a mistake of law. The second ground on which the prayer for a perpetual injunction was based, alleged in the bill, was, that Goldsmith's judgment was procured by fraud and collusion between him and some of his witnesses, who had an interest in the judgment; and that this fact was not discovered by the complainants until after the rendition of the judgment against them in that case. The several persons by whose testimony Goldsmith's judgment was thus obtained, and who claimed interests in that judgment by

12

assignment from him, were joined with him as defendants to the bill. The bill further alleged, that Goldsmith was insolvent, and, on that ground, prayed that the judgments might be set off against each other, if a perpetual injunction was not granted as to his entire judgment.

The defendants filed separate answers, admitting, in substance, the material allegations of the bill in reference to the two judgments, as above stated; and demurring to the bill, for want of equity. After the coming in of the answers, the chancellor (Hon. WADE KEYES) made an interlocutory order, ordering the injunction to be dissolved, unless the complainants, within five days after notice of the order, should pay to the several assignees of Goldsmith's judgment the balance due thereon, after deducting the amount of the complainants' judgment against him and the sum paid to his landlord for rent; and requiring refunding bonds from the assignees, to abide the final decree on the hearing. The complainants appealed from this order, but it was affirmed by this court, at its January term, 1858.—See the case reported in 31 Ala. 649–52.

On the 5th February, 1858, the complainants made a motion in the city court, against the clerk, requiring him to pay over to them the balance of the money in his hands arising from the sale of the attached goods, on the ground that the recovery in trespass by Goldsmith against them, and the issue and levy of an execution on his judgment, vested in them the title to the goods which were taken under the attachment. The city court overruled this motion as made, but ordered the clerk to pay the money to the complainants, on their giving him a receipt stating that it was paid on their execution against Goldsmith, which was then in the hands of the sheriff. These facts were set up by the defendants in amended answers, which were filed by leave of the court.

On final hearing, on pleadings and proof, the chancellor held—1st, that the former decision of this court, above cited, was conclusive against the complainants' right to an injunction of Goldsmith's entire judgment against them; 2d, that they were entitled to set off against that judgment, *pro tanto*, their judgment against him, and the amount paid

to his landlord for rent; 3d, that the assignees of Goldsmith's judgment were then entitled to have the balance of that judgment paid to them, according to their respective interests; 4th, that the complainants, on paying over to the assignees the balance due on Goldsmith's judgment, would be entitled to the money in the hands of the clerk of the city court; and, 5th, that the costs should be divided, and paid out of the money which the register might receive from the clerk. From this decree the defendants now appeal, and jointly assign the same as error. There is no cross appeal on the part of the complainants, nor any cross-assignment of errors by them.

ANDERSON & BOYLES, and OVERALL & MOULTON, for the appellants.—1. The alleged insolvency of Goldsmith constitutes no ground for equitable relief to the complainants, because it was caused by their own wrongful act in suing out the attachment against him, under which his goods were seized and sold at great sacrifice. They must come into court with clean hands.—31 Ala. 652 ; 8 Gill & J. 170.

2. There is a fund in the hands of the clerk of the city court, to which they may resort, and which is nearly sufficient to pay their entire judgment. The city court ordered it to be paid to them, on their judgment, and Goldsmith admits their claim to it on that ground.—*Henderson v. McVay,* 32 Ala. 471 ; 14 Ala. 198; *Hill v. Caillovel,* 1 Vesey, 123 ; 1 Russ. 47 ; 2 Leading Cases in Equity, 216, and cases cited ; 4 Ala. 543.

3. The judgment of the city court, on the motion for the application of the money in the hands of the clerk, is *res adjudicata,* and concludes the complainants.—*Langdon v. Raiford,* 20 Ala. 532 ; 26 Ala. 670 ; 6 Ala. 298 ; 6 Porter, 365 ; 4 Hen. & Mun. 447 ; 2 U. S. Eq. Digest, 154, § 375 ; 7 J. J. Mar. 432.

4. The funds in the hands of the clerk did not belong to the complainants, by virtue of the recovery in trespass against them, because they had not satisfied that judgment. *Spivey v. Morris,* 18 Ala. 254, and cases there cited ; *Blann v. Crocheron,* 19 Ala. 649 ; *White v. Martin,* 1 Porter, 217 ; 12 La. Ann. 172.

5. The money which was paid under the orders of the city court, to the landlord for rent, belonged to Goldsmith; and it is difficult to find any principle, which could give the complainants any right to a credit for that payment.

K. B. Sewall, *contra.*—1. There is a natural equity, which chancery has jurisdiction to enforce, that cross demands should be set off against each other, especially where the additional fact of insolvency intervenes.—*Lindsay v. Jackson*, 2 Paige, 580; *Simpson v. Hart*, 14 John. 63; *Scott v. Rivers*, 1 S. & P. 24; *Payne v. Loudon*, 1 Bibb, 518; *Reed v. Newburgh Bank*, 1 Paige, 215; *Williams v. Davies*, 2 Sim. 460.

2. The assignment of Goldsmith's judgment being made after the rendition of the complainants' judgment against him, and to persons who had notice of that judgment, the assignees take subject to all the equities existing between Goldsmith and the complainants.—*Roosevelt v. Bank of Niagara*, Hopkins, 579; *Gay v. Gay*, 10 Paige, 369; 12 Vesey, 346; 3 Hare, 962; *Cobb v. Thompson*, 1 A. K. Mar. 510; *Markham v. Todd*, 2 J. J. Mar. 365; *Stewart v. Chamberlain*, 6 Dana, 33; *Jordan v. Black*, 2 Mar. 30.

3. The right of set-off is not in any way affected by the proceeds of the sale of the attached goods. By electing to treat the complainants as trespassers, and recovering from them in damages the value of the property, Goldsmith relinquished to them the title to the property, or its proceeds when sold; otherwise, he would get a double satisfaction.—*Clark v. Hallock*, 16 Wendell, 607. If the recovery of the judgment in trespass did not, of itself, change the title to the goods, (as is the law in England, and in some of the States,) the issue of execution thereon, and its levy on personal property, certainly had that effect.—1 Salkeld, 353; 2 Saunders, 47, note 1; Cowen & Hill's Notes, 1046, 1053, 1887; *Ladd v. Blount*, 4 Mass. 402; 4 McLean, 133-5; *White v. Martin*, 1 Porter, 217; *Bondurant v. Buford*, 1 Ala. 364.

3. The order of the city court, directing the money to be paid to the complainants on their judgment against Goldsmith, cannot affect their right of set-off, for severa

reasons. It was a summary determination on motion, and, therefore, is not conclusive.—14 John. 63 ; 5 John. Ch. 44. It was made pending this suit, and, for that reason, cannot oust the jurisdiction of this court.—9 Wheaton, 532. It does not respond to the motion, and the complainants repudiate it. The court had no jurisdiction of the fund, because the attachment was void ; and all its orders in reference to the property, or the proceeds thereof, are nullities.

STONE, J.—We do not think the complainants make a case for an injunction of this entire cause, on the ground of fraud in obtaining the judgment. In fact, we think that much was in effect settled when the case was formerly here, on appeal from the order dissolving the injunction. We then employed the following language : "The matters relied on for an injunction of *the whole of it*, if available any where, were in their nature available at law. It is not established that the complainants were prevented from availing themselves of those matters, at law, by fraud, accident, or the act of the opposite party, *unmixed with fraud or negligence on their part*. Ignorance, which was avoidable by reasonable diligence, can not form any part of a complainant's title to relief in equity." True, we spoke of the responsive matter of the answers; but we went further. We, in effect, declared the bill to be insufficient for this purpose. See *Stetson & Co. v. Goldsmith*, 31 Ala. 649. With what we then said we are satisfied, and hold that, so far as the complainants seek relief on the ground of alleged fraud in obtaining the judgment, the bill must fail.

[1.] It is fully established that Goldsmith, the plaintiff in the judgment sought to be enjoined, was insolvent when he obtained that judgment. The right of Stetson & Co. to set off their judgment against Goldsmith's, is unquestioned, provided that judgment is a valid and subsisting demand.— *Railroad Company v. Rhodes*, 8 Ala. 206 ; *Wray v. Furniss*, 27 Ala. 471 ; *Carroll v. Malone*, 28 Ala. 521 ; *Henderson v. McVay*, 32 Ala. 471.

[2.] The judgment of M. S. Stetson & Co. *v.* Goldsmith, although the suit was commenced by attachment which was void, is nevertheless valid, because the defendant appeared

in court, and thus waived the irregularity of the construc-
tive service. The judgment entry is in the following lan-
guage: "This day came the parties, by their attorneys;
and the defendant saying nothing in bar of the plaintiffs'
action," &c. This is a regular judgment *nil dicit*, and cures
the want of service.—*Hobson v. Emanuel*, 8 Porter, 442;
*Gilbert v. Lane*, 3 Porter, 67; *Catlin v. Gilders*, 3 Ala. 536;
*Puckett v. Pope, ib.* 552.

The objection to this judgment is, that it is not subsist-
ing, except for a small balance, by reason of certain pro-
ceedings had in the city court at the instance of Stetson &
Co. The suit of Stetson & Co. *v.* Goldsmith was com-
menced by attachment, issued by the clerk of the city
court of Mobile. The attachment was void, for want of
authority in the officer issuing it.—*Stevenson v. O'Hara,*
27 Ala. 362; *Matthews v. Sands,* 29 Ala. 136; *Flash v.
Paull, ib.* 141. Under this attachment, goods of Gold-
smith were levied on, which were afterwards sold, under
the order of the court, as perishable, and the pro-
ceeds placed in the hands of the clerk of the court.
After the judgment was rendered in the cause, a motion
was made in the city court, that the clerk be required
to pay over the money realized from the sale of the goods,
on the judgment recovered; but no order was ever made
on that motion, and the motion itself was afterwards aban-
doned. Subsequently, the judgment which this suit seeks
to enjoin, was rendered in the trespass suit by Goldsmith
*v.* Stetson & Co., the cause of action being the illegal
seizure and sale of Goldsmith's goods under the void attach-
ment; and that judgment was affirmed against Stetson &
Co. and their surety on the appeal bond. Stetson & Co.
then moved in the city court, against the clerk, that he be
required to pay over said money to them, on the alleged
ground that the proceeds of the goods had become their
property, by reason of the recovery in trespass against
them. The court refused to grant the order as asked, but
made an order, "that the said Lewis" [the clerk] "pay to
the said M. S. Stetson & Co., plaintiffs in said suit, the said
sum of money, on their giving a receipt for the money on
account of the said execution" [judgment]. So far as we

are advised, this order stands on the records of the city court, and the money still remains in the hands of Lewis, the clerk, the plaintiffs declining to receive it on the terms imposed.

[3.] It is very obvious that the money had not become the property of Stetson & Co., by force of the judgment against them in the trespass suit. It is only *satisfaction* of such judgment, that vests the title of the property in the trespasser.—*Blann v. Crocheron,* 19 Ala. 647 ; *Spivey v. Morris,* 18 Ala. 254; *White v. Martin,* 1 Porter, 117.

[4.] The attachment in the case of Stetson & Co. *v.* Goldsmith being void, and the levy and sale of the property a trespass, it follows, that the money in the hands of the clerk was not subject to the order of the city court. Mr. Lewis held it only as an individual bailee, and the city court correctly ruled that no order could be made for its payment to Stetson & Co., on their motion as made. They, Stetson & Co., had perfected no right to the money by paying the judgment against them ; and Goldsmith had manifested no election to waive the tort and proceed for the money. Goldsmith could have claimed the money as his own, but no creditor of his could exercise this right for him.—See *Lewis v. Dubose,* 29 Ala. 220. The absence of authority in the clerk to issue the attachment, deprived the judgment of all lien upon the money ; and the city court should, without qualification, have overruled the motion of Stetson & Co. The order made, not in response to any request of the plaintiff, related to a subject-matter not within the jurisdiction of the court, and was void.—See *Wightman v. Karsner,* 20 Ala. 446. This distinguishes it from the principle settled in the case of *Langdon v. Raiford,* (20 Ala. 532,) and renders it wholly unimportant whether the order stands on the records, or is vacated.

From what we have said above it results, that the judgment of Stetson & Co. *v.* Goldsmith is valid and subsisting, and the chancellor did not err in ordering it to be set off against so much of the judgment of Goldsmith against them.

The only other question in this cause relates to the rent, which was claimed by the landlord, and which was paid out

of the proceeds of the goods, under the order of the court. We think the chancellor's decree in this particular must be reversed, for the following reasons: The seizure of the goods by the sheriff, under the void attachment, was but a trespass, and section 2460 of the Code sheds no light on the question. The landlord had no general lien on the goods for unpaid rent—only a claim to be paid " the rent due, or to fall due during the current year," as a condition on which the sheriff was authorized to levy lawful process. Having no special lien under the particular facts of this case, and there being no proceedings under the act "the more effectually to secure the collection of rents in the city of Mobile," approved January 20, 1840, (Municipal Laws, 351,) we must deal with this question as if the proceeds of the goods had been in the hands of one, who had seized and sold them without semblance of authority: a naked trespasser. As we have shown above, the city court had no authority to make any order touching the disposition or distribution of the funds. The complainants being tortious holders, and, under the circumstances, voluntary payors of the debt of the defendant; and that payment being made with funds which were not their own, and will not be theirs until the judgment in trespass is satisfied, it follows that, neither at the time when they filed their bill, nor even now, can they claim the ownership of the funds with which the payment was made, nor that the payment gives them any claim against Goldsmith.

For the single error above pointed out, the decree of the chancellor is reversed, and the cause remanded.