# Pitts *v.* District of Opelika.

### *Prosecution for Violation of Municipal Ordinance.*

1. *Waiver of demurrer.*—In a *quasi* criminal prosecution for the violation of a municipal ordinance, removed by appeal into the Circuit Court, if a demurrer is interposed to the statement (or complaint), and the plea of not guilty is afterwards filed, before any action of the court is had or invoked on the demurrer, this court will hold the demurrer to have been waived, and will not consider the sufficiency of the complaint as assailed by it.

2. *Publication of municipal ordinances.*—The statutory provision requiring the ordinances of municipal corporations to be published ten days before they become operative (Code, § 1785), applies only to those corporations which are organized under the general law of which that provision is a part, and not to municipalities created by special statute, or legislative act.

3. *Same.*—When the special statute creating a municipal corporation does not prescribe the length of time its ordinances shall be promulgated before they become operative, it is only necessary that there shall be a substantial compliance with the constitutional provision, that no person "shall be punished but by virtue of a law established and promulgated prior to the offense" (Art. I, § 8); which only requires that the promulgation shall be reasonably sufficient to accomplish the humane and just purpose for which it was enacted, as determined by the particular circumstances of each case.

4. *Same.*—In this case, the corporation called the "District of Opelika" being created by special statute (Sess. Acts 1882–83, p. 485), which does not prescribe the length of time its ordinances shall be promulgated before they become operative, this court can not affirm, as matter of law, that an ordinance is not of force seven days after its enactment.

[Pitts v. District of Opelika.]

APPEAL from the Circuit Court of Lee.
Tried before the Hon. HENRY D. CLAYTON.

W. J. SAMFORD, for the appellant.

O. KYLE, Jr., *contra*.

CLOPTON, J.—The defendant was convicted before the Recorder; of a violation of an ordinance of the "District of Opelika," from which he took an appeal to the Circuit Court. On the appeal, a complaint was filed, to which the defendant interposed a demurrer, but afterwards pleaded "not guilty," without invoking or obtaining action of the court on the demurrer. This was a waiver of the demurrer, and the insufficiency or irregularity of the complaint is not properly presented for revision. The sole question arises on the refusal of the court to charge, at the request of defendant, that if the ordinance had been published for seven days only before the commission of the offense, it was not in force at that time, and that the defendant can not be convicted of its violation.

The statutory provision, that no by-law or ordinance must be enforced, until it has been published at least ten days in three public places in the town, and also in a newspaper, if any is published within the limits of the corporation, has reference to the by-laws and ordinances of towns incorporated under the general laws, and is not applicable to those of a town or city incorporated by a special act of the General Assembly.—Code, § 1785. If the charter prescribes no regulations or limitations, there is no general law applicable in such case, other than the constitutional prohibition, that "no person shall be punished but by virtue of a law, established and promulgated prior to the offense, and legally applied;" which is imposed on the legislative power, whether exercised by the legislature directly, or by the local municipal governments, their authority being only delegated. The constitution does not prescribe the mode and time of promulgation, but left these matters to the discretion and determination of the law-making power; the implied restriction being, that the promulgation shall be reasonably sufficient to accomplish the humane and just purpose of the constitution.

Neither the original act incorporating the "District of Opelika," nor the amendatory act, prescribes any mode or time for publishing the ordinances.—Acts 1882–3, p. 585; Acts 1884–5, p. 512. The matter, therefore, is rested on the discretion of the municipal government; but not an arbitrary discretion. A reasonable opportunity must be given to the people within the corporate limits, to be informed as to the ordinances they are

[Roulston v. Washington.]

commanded to obey, before they can be punished for their violation. A promulgation that may be insufficient in one community, may be sufficient in another, differently circumstanced. Without showing what period of publication, if any, is prescribed by the municipal authorities, we are merely informed, that the ordinance in question was published seven days. The presumption is in favor of the reasonableness of the promulgation, which must prevail in the absence of proof of countervailing facts and circumstances. We can not affirm, as matter of law, that, on the facts disclosed by the record, the ordinance was not in force at the time of its violation by the defendant.

The judgment is affirmed.