# Birmingham Flooring Mills v. Wilder & Co.

| 85  593|
| 105  314|

*Action on Common Counts, and on Promissory Note.*

1. *Waiver of defective service by general appearance.*—A general appearance, and participation in the trial of the cause on its merits, is a waiver of any defect in the service of the summons and complaint, and may even dispense with the necessity for the service of any process.

2. *Waiver of demurrer.*—When the judgment-entry does not show any ruling by the court on a demurrer to the complaint, or that its action thereon was invoked by the defendant, while the cause was tried on issue joined on pleas to the merits, it will be presumed that the demurrer was waived.

3. *Consolidation of causes.*—Two or more causes pending in the court at the same time, between the same parties, and based on similar causes of action *ex contractu*, may properly be consolidated by order of the court (Code, § 2742); and the judgment-entry reciting that they were consolidated by consent of the parties, neither one of them can complain of it.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. LEROY F. BOX.

R. H. PEARSON, and MARTIN & McEACHIN, for appellant.

S. D. WEAKLEY, *contra.*

SOMERVILLE, J.—A general appearance by a defendant is a waiver of any defect in the service of the

38

[Quillman v. Gurley.]

summons and complaint, and may even dispense with the necessity of the service of all process, the purpose of which is only to bring him into court.—*Goldsmith v. Stetson & Co.*, 39 Ala. 183; *McCaskey v. Pollock*, 82 Ala. 174; 2 Brick. Dig. p. 366, §§ 81–87. Conceding that the service of the summons and complaint, as made by the sheriff in this case, was defective, because left with the wrong person— one who was no longer an officer or agent of the defendant corporation—the record shows a general appearance by the defendant, and participation in the trial of the cause on its merits; and this cured the alleged defect in the service of the process.

The judgment-entry shows no ruling by the court below on the demurrer. It is not shown that the action of the Circuit Court was invoked to adjudge its legal sufficiency, and pleas to the merits of the action are shown to have been filed. The demurrer must, therefore, be presumed to have been waived.—*Pitts v. District of Opelika*, 79 Ala. 527.

The two actions here tried together were between the same parties, and pending in the same court simultaneously, and were each based on matters *ex contractu*, which could have properly been joined. They were, therefore, properly consolidated by order of court, especially as the record shows this was done by consent of the parties litigant.—Code, 1886, § 2742; *Berry v. Ferguson*, 58 Ala. 314.

We discover no error in the record, and the judgment is affirmed.