## McLANE v. MILLER.

1. In an action against a coroner for taking slaves from the possession of the plaintiff, which the latter had hired for a term, and for which hiring he had given his notes, the fact that in a suit on these notes he interposed as a defence that his possession had been determined by the act of the coroner, and thereby obtained a rebatement, is admissible in evidence, in mitigation of damages, for the party is not entitled to two satifatctions for the same injury.

Writ of Error to the Circuit Court of Talladega.

TRESPASS, by Miller against McLane, for taking slaves out of the plaintiff's possession: The defendant pleaded—1. Not guilty. 2. A justification that he took the slaves as coroner by virtue of an execution against the goods, &c. of one King, in the hands of the sheriff, to be administered.

At the trial, upon these pleas, it appeared the plaintiff had hired the slaves from the sheriff, he being at the same time administrator of one King, deceased, as well as one Calhoun

deceased. From the evidence before the jury it was inferrible the slaves were assets of Calhoun's estate, but the notes were taken to the sheriff, as the administrator of King. It also appeared, the slaves were taken by the defendant, as coroner, from the plaintiff's possession, before the term of hiring had expired. The defendant offered to show, in mitigation of damages, that a succeeding administrator, upon King's estate, had sued the plaintiff upon the notes given for the hire of the slaves, and that the plaintiff had interposed the eviction by the defendant as a defence, and for it had been allowed a reduction for the time he had been dispossessed, in consequence of the taking by the defendant. This evidence was not allowed, and the defendant excepted. This is assigned as error.

B. F. PORTER and W. P. CHILTON, for the plaintiff in error, argued, the plaintiff was entitled to but one satisfaction, and if he had been allowed a rebatement for the hire, that should be considered in mitigation of damages. [Story on Pl. 192; Herk. Manf. Co. v. Small, 21 Wend. 273.]

WHITE, contra, insisted the plaintiff was entitled to recover the full extent of the injury caused by the defendant. Conceding that a rebatement was had for the loss of time against the notes, that was improperly allowed, as the slaves belonged to Calhoun's and not to King's estate. [McLane v. Spence, 6 Ala. Rep. 894; Ricks v. Dillahunty, 8 Porter, 133.]

GOLDTHWAITE, J.—It is difficult to perceive on what principle it ever could have been ruled that acceptance of satfaction from a stranger was not a bar to an action. Yet it was so held in Grimes v. Blafield, Cro. Eliz. 541, and this case is recognized in New York and Kentucky. [Clow v. Borst, 6 John. 35; Gresher v. Grant, 3 Mon. 302, and is cited without disapprobation by Viner, Comyn, and Bacon. To us, however, it seems at variance alike with common sense and justice. When the party has accepted a satisfaction, it is immaterial whether it moves from a stranger or from one who is directly bound. So strong is the general rule, that the

108

party can have but one satisfaction, that it is well settled that a satisfaction against one wrong doer is so as to all, although the injured party accepting it shall stipulate to the contrary. [Comyn Dig. Ac. and Satis., A., 19; Ruble v. Turner, 2 H. & M. 38; Dufresne v. Hutchinson, 3 Taunt. 117.] In this case however, we doubt if the succeeding administrator of King can be said properly to be a stranger to the subject matter out of which the partial satisfaction is supposed to a-rise. It was the circumstance that the estate afterwards represented by him, was owing an unsatisfied debt, which caused the defendant to commit the trespass of which the plaintiff is complaining. Be this as it may, the party has asserted his right to partial indemnity against this estate, by insisting on a rebatement from the hire of the slaves, for the precise time for which he is pursuing the plaintiff, and in our judgment is no more entitled, after obtaining satisfaction, to insist it was unlawfully obtained, than he would against a co-trespasser, after pursuing him with the same effect. The tendency of modern decision is wholly adverse to the allowance of two satisfactions for any injury whatever. [Story's Pl. 192.] We are entirely satified, that having insisted on a rebatement of the hire, which he was to pay for the slaves, and having obtained it for the reason that his possession was determined by the defendant's act, he is concluded, so far as that extends, from again obtaining satisfaction for the same injury.

Let the judgment be reversed, and the cause remanded.