## BREWER *vs.* THE BRANCH BANK AT MONTGOMERY ET AL.

1. The acceptance of a note may be an extinguishment and payment of a judgment, whether proceeding from a defendant or a stranger.
2. The statutory remedy by motion to supersede an execution on a judgment, does not deprive the Chancery Court of its original jurisdiction to remove a cloud upon the title to land; and therefore a vendee, whose land has been sold under execution (issued on a judgment recovered against his vendor before his purchase), and 'bought in by himself, may come into equity to enjoin the collection of his bid and all further proceedings under the judgment, upon an allegation that the judgment had been paid and satisfied before the issue of the execution.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JAMES B. CLARK.

THIS bill was filed by Reuben H. Brewer against the appel-

lees, to enjoin proceedings under a judgment at law, which the Branch Bank at Montgomery recovered, in 1842, against Alexander S. Howell, Joseph D. Hopper, and M. Ashurst, on which judgment an execution was issued, and levied on a certain tract of land, which complainant purchased of said Howell in 1845. It alleged, that said Bank, prior to the issue of said execution, had accepted a note made by Robert T. Ashurst, Joseph D. Hopper, and Moses McLemore, in full payment and extinguishment of said judgment, which was thereby paid and extinguished; that complainant, being ignorant of this fact, bought in said land at the sheriff's sale, being the highest bidder. The prayer of the bill is, that the Bank may be restrained from collecting the amount of complainant's bid, and perpetually enjoined from all further proceedings under said judgment to subject said land to its satisfaction.

The Chancellor dismissed the bill for want of equity, holding that the acceptance of a note from a person who was no party to the judgment, was no satisfaction of that judgment; and his decree is now assigned for error.

Hilliard & Thorington, for appellant.

N. Harris, *contra*.

CHILTON, C, J.—The decree of the Chancellor in this case cannot be sustained. The bill was dismissed for want of equity; and its allegations, for the purpose of such a motion, must be regarded as true. One of these allegations is, that the judgment, which *prima facie* constitutes a lien and incumbrance on this land, has been *paid* and *extinguished*, by accepting a note made by R. T. Ashurst, J. D. Hopper, and Moses McLemore; that said note was accepted by the Bank in payment and extinguishment of said judgment, and by its being so accepted, the said judgment became, and was thereby, paid and extinguished. That the acceptance of a note may be an extinguishment and payment of a prior debt or liability, is well settled (see Abercrombie v. Mosely, 9 Port. 150); and that it makes no difference whether such payment proceeds from a party to the transaction or a stranger, was decided in McLane v. Miller, 10 Ala. 856. If, therefore, the allegation

as to the extinguishment and payment of the judgment be true, we are of opinion the bill does contain equity.—1 How. Miss. 139 ; 5 Missouri 59 ; 2 Shep. 202 ; 1 Rich. R. 111.

The other objections taken to the jurisdiction, viz., that the complainant had a remedy at law, and no attempt had been made to enforce the bid which he had made when the land was sold, we do not think can be supported. The facts charged in the bill show, that there is a cloud resting on complainant's title, which he has a right to have removed if those facts be as stated. The remedy given by statute, does not deprive the Chancery Court of its original jurisdiction in such cases.

Let the decree be reversed, and the cause remanded.