# Ward, Ex'tr, *v*. Manly.

*Action on a Promissory Note.*

1. *Action upon a promissory note; defect in summons; waiver by acceptance of service.*—The purpose of a summons is to inform the defendant of the institution of a suit against him, and to prevent his being taken by surprise, or being proceeded against him without an opportunity of his being heard; and an acknowledgment of service and a waiver of notice and copy, which is implied in the acceptance, is a waiver of all defects in the summons.

2. *Same; same; estoppel upon the defendants.*—Where a defendant to a suit accepts service of the summons and complaint, and in addition to such acceptance indorses upon the summons and complaint "that the delay in docketing this case shall not affect the right of plaintiff

[Ward, Ex'tr, v. Manly.]

to place the same in court," the summons attached to said complaint, which was not signed by the clerk at the time of the acceptance of service, was of no consequence in the proceeding, and the defendant is estopped to deny the fact that the suit was commenced at the date of his acceptance of service, and can not set up the statute of limitations as a defense to the claim, which was not barred at the time of the acceptance of service, but was within the statute at the time the cause was docketed.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was a suit brought in the city court of Birmingham by the appellant, W. C. Ward, as executor of the last will of M. G. Hudson, against the appellee, R. Fuller Manly, and counted upon a promissory note executed by the defendant to the plaintiff's testator on September 16, 1889, and payably the 1st of January, 1890.

On November 7, 1895, the plaintiff prepared a summons and complaint in the cause; and without the summons being signed by the clerk and register of the court, but with the complaint being signed by the attorney of plaintiff, presented the summons and complaint to the defendant for his acceptance of service thereof; and in this condition defendant accepted service of the summons and complaint on November 9, 1895, as was shown by the following indorsements on said summons and complaint: "I, R. F. Manly, accept due and legal service of the within summons and complaint. This November 9th, 1895. [Signed.] R. F. Manly." "The delay in docketing this case shall not affect the right of the plaintiff to place same in court. 14th of January, 1896. [Signed.] R. F. Manly."

The summons and complaint was filed in the office of the clerk and register on March 21, 1896, and it was indorsed so filed of that date by the clerk and register.

The defendant interposed the plea of the statute of limitations of six years. To this plea the plaintiff filed two replications. In the first replication the plaintiff set up that the suit was commenced on November 9, 1895, when the defendant accepted service; and in the second replication the plaintiff set up that the suit was commenced on November 9, 1895, when the defendant accepted service of the summons and complaint, and that the cause was not placed on the docket, at the defendant's instance, because of negotiations at the time

[Ward, Ex'tr, v. Manly.]

looking to a settlement. To each of these replications the court sustained the defendant's demurrers, based upon the ground that the replications were no answer to the defense of the statute of limitations. To each of these rulings of the court upon the demurrers to the replication, the plaintiff separately excepted.

When the cause was called for trial, the defendant made a motion to amend and correct the date of the test of the clerk and register to the summons, so as to show that it was not signed on November 7, 1895, as it purported to be, but that it was signed on March 21, 1896, the day when the summons and complaint was filed. In support of this motion, the defendant offered in evidence the indorsement on the summons and complaint, which showed that it was filed on March 21, 1896, and the testimony of the clerk that his name was signed to the summons on the day the same was filed—March 21, 1896.

On this motion the plaintiff testified that on November 7, 1895, he made out the summons and complaint, and sent the same to the defendant with the request that the latter should accept service thereof; that on November 9, 1895, the defendant brought the summons and complaint to the plaintiff's office, and in the plaintiff's presence accepted service, as was shown by the indorsement thereon copied above, which indorsement was offered in evidence. The plaintiff further testified that on the next day there was a proposition of settlement of the note sued on by the defendant to the plaintiff, which proposition the plaintiff submitted to the creditors of his testator, and that on finding it was necessary for further delay in the matter, the defendant made a second indorsement on the summons and complaint, which is copied above, which indorsement was offered in evidence. The plaintiff further testified that the reason the summons and complaint was not filed sooner was that the settlement of the note proposed by the defendant was pending, and that upon a disagreement as to the settlement, the summons and complaint was filed at once.

Upon this evidence, the court granted the motion of the defendant to amend and correct the summons, so as to show that it was signed on March 21, 1896. To this ruling the plaintiff duly excepted.

Upon issue being joined upon the plea of the statute

[Ward, Ex'tr, v. Manly.]

of limitations, the plaintiff offered in evidence the note described in the complaint, which was executed by the defendant to the plaintiff's testator on September 16, 1889, and made payable on January 1, 1890.

This being all the evidence in the case, and the cause being tried without the intervention of a jury, the court rendered judgment for the defendant; and to the rendition of this judgment the plaintiff duly excepted. The plaintiff prosecutes the present appeal, and assigns as error the rulings of the court in sustaining the defendant's demurrers to each of the plaintiff's replications, in granting the motion to amend and correct the summons, and the rendition of judgment for the defendant.

WARD & HOUGHTON, for appellant.—1. Defects or irregularities in the service or return of process may be waived by admission or acceptance of service, generally indorsed upon the writ; and, when such an admission is made, the party is considered to have notice of and to be bound by all proceedings under the process served.—22 Encyc. of Law and Eq., 172; *Earbee v. Ware,* 9 Port. 291; *Woodward v. Clegge,* 8 Ala. 317; *Ayres v. Hill,* 82 Ala. 401. In Alabama it has been uniformly held that by acceptance of service, the defendant submitted to the jurisdiction of the court so far as concerned the process, and proof of such service sustained judgments by default.—*Talladega Ins. Co. v. Woodward,* 44 Ala. 287; *Hearn v. State,* 62 Ala. 218; 2 Brick. Dig. 139, § 117.

2. The object of a summons and its service is to bring defendant into court; but, if he makes a general appearance, then the issuing and service of summons is waived. 2 Encyc. of Pl. & Pr., 644; *Baker v. Pope,* 49 Ala. 415; *Parker v. Abrams,* 50 Ala. 35; *Pool v. Minge,* 50 Ala. 100. Besides waiving issuance and service of summons, a general appearance will cure any defect in process or its service.—2 Encyc. of Pl. & Pr., 546; *Brown v. Simpson,* 3 Stew. 331; *McElhaney v. Gilleland,* 30 Ala. 183.

3. "Questions of time in regard to process are all waived by a general appearance; any defect in not issuing the summons in time is thereby cured, and so is any error in process in stating time to plead."—2 Encyc. of Pl. & Pr., 648; *Reed v. Bodkin,* 68 Ind. 325. A general appearance is effected when a defendant pleads in abate-

[Ward, Ex'tr, v. Manly.]

ment or bar or demurs. "A plea on which final judgment may be rendered is of necessity an appearance." *Grigg v. Gilmer*, 54 Ala. 425.

TURNER & LATADY, *contra*.—The summons must be issued by the clerk of the court; words accepting service of a mere form of summons signify nothing, there being no summons in existence. The signature of the clerk makes the summons; the form of paper will not suffice.—Code of 1886, § 2652; *Costley v. Driver*, 45 Ala. 230; *Winnemore v. Mathews*, 45 Ala. 449; *Wilson v. Owens*, 45 Ala. 451; *Sheppard v. Powers*, 50 Ala. 377; Code of 1886, § 2628. Neither the indorsement of November 9th, 1895, nor that of January 14, 1896, sufficed either to intercept or remove the bar of the statute; a partial payment before the bar is complete being alone sufficient; and a subsequent unconditional promise in writing being alone sufficient to remove the bar. Neither are these indorsements evidence of a new or continuing contract.—Section 2631, Code of 1886. The suing out of a summons, which must be signed by the clerk of the court, is the commencement of a suit. Code, § 2652. The date of the summons is not conclusive, and may be amended on proper evidence, so as to speak the truth.—Code of 1886, § 649, subd. 6; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 112; *Huss v. Cen. R. R. & Bank. Co.*, 66 Ala. 472.

HARALSON, J.—The purpose of a summons is to inform the defendant of the action against him, to prevent his being taken by surprise, or being proceeded against without opportunity of being heard. A defendant may go into open court and confess judgment in favor of the plaintiff therein, or he may give a power of attorney to another to do so for him; or upon a proper complaint, stating a legal cause of action, he may accept service and authorize the case to be docketed against him in court and stand for trial, as though regularly brought, and in neither of these instances is there any necessity for the ordinary summons, to commence the action. It is manifest, therefore, that whatever irregularities there may be in the summons itself, where one has issued, or in the manner of its service, these may be waived by the appearance or plea of the defendant, or

by his acknowledgment of service. "An acknowledgment of service, and a waiver of notice and copy [always implied in the acceptance of service] is a waiver of all defects in the summons."—*Ayres v. Hill*, 82 Ala. 401 ; *Woodward v. Clegge*, 8 Ala. 317 ; *Earbee v. Ware*, 9 Port. 291 ; 22 Am. & Encyc. of Law, 169.

The court erred in the judgment rendered. The defendant, by his acceptance of service, agreement for docketing the cause and plea in bar of the action, waived his right to make the objection he did, to the alleged defect in the summons. There is no pretense that the plaintiff practiced any fraud on the defendant in taking an acceptance of service. It appears he acted for the accomodation of defendant in doing so. The summons itself, under the facts appearing, was of no consequence in the proceeding, and the defendant should not have been allowed to question the fact that the suit was commenced at the date of his acceptance of service of the complaint.

We do not impute a fraudulent intent to the defendant, in the course he has pursued in the case ; but to allow such a defense, as is here interposed, to prevail, would open a door to fraud too tempting to dishonest litigants for courts of justice to sanction.

The judgment of the lower court is reversed, and the cause having been tried by the court, a jury having been waived, a judgment will be here rendered against the defendant for the debt sued on and interest.

Reversed and rendered.