# Abbott v. City of Mobile.

119 595|
133 207|

*Action for Personal Injuries Resulting from Defective Sidewalk.*

1. *General affirmative charge; when properly refused.*—Where there is evidence from which the jury may, by reasonable inference, reach a conclusion opposed to the direct testimony of plaintiff's witnesses, the affirmative charge is properly refused.

2. *Case at bar; relevancy of evidence.*—Plaintiff's evidence tended to show by direct testimony that a sidewalk was defective on the date of the alleged injury: *Held*, it is competent for defendant to show that it had been repaired about five months prior thereto, and that some two weeks after the injury it was found intact.

3. *Evidence of extent of injury.*—Plaintiff having testified that he was permanently injured, and suffered in his arm, head, and groin, it was competent for defendant to show that five months after the injury he applied for a position to do police duty, requiring much walking.

4. *Exception to charge of the court.*—Section 613, Code of 1896, is limited to charges requested by the parties in writing. To entitle a party to a reversal for errors in the general charge of the court, an exception must be reserved.

5. *Duty of city in maintaining sidewalks.*—A city is not held unqualifiedly to a knowledge of all defects in its sidewalks, but to a knowledge of those which may and would be discovered by the exercise of reasonable diligence and care.

6. *Amendment; when too late.*—An offer to amend a complaint after the jury have retired and agreed upon, but not returned their verdict, comes too late. It should be made before the cause is finally submitted to the jury.

7. *Remarks of counsel.*—Overruling a motion for a new trial based on remarks of counsel on the trial, which were promptly withdrawn, and the jury instructed not to consider them. is not ground for reversal.

APPEAL from Mobile Circuit Court.

Tried Before Hon. WM. S. ANDERSON.

John H. Abbott sued the City of Mobile for personal injuries resulting from a defective sidewalk, alleging in his complaint that the sidewalk "was left by said city in an unsafe, impassable and dangerous condition, which unsafe, impassable and dangerous condition of said street was well known to said defendant and without proper protection or notice to citizens and travelers against accidents; that the plaintiff on or about the date aforesaid, towit: October 15th, 1896, was lawfully traveling on said walk and wholly unaware of its unsafe condition and of danᵹer, was accidentally and without fault or negligence on his part tripped up on the obstructions to said sidewalk and thrown violently to the ground, whereby he received great bodily injury." etc. The court in his oral charge instructed the jury *ex mero motu* as follows: "If you find it is true as plaintiff has alleged, that he was injured by reason of the negligence of the city, in allowing this sidewalk to remain in an unsafe, impassable and dangerous condition, and that he was using ordinary care in passing along the streets, why then he would be entitled to recover. If the evidence fails, gentlemen, to establish—to satisfy your minds rather—that the city left or allowed the sidewalk to remain in an unsafe, impassable and dangerous condition, or that plaintiff did not use even ordinary care, why then the plaintiff couldn't recover."

In conclusion the court said: "If the evidence does not satisfy your minds reasonably that the plaintiff was injured as he has set out in his complaint, why then you should find for the defendant."

After the case was submitted to the jury who had retired and agreed upon a verdict, but before it had been received the plaintiff moved the court to amend the complaint by striking therefrom the word "impassable."

The court overruled the motion, and plaintiff excepted.
During the examination of plaintiff, his counsel asked
him: "And you fell on your full length on your left
side?" Defendant's counsel objected to the question as
leading and remarked: "Let him state the facts—of
course he will state yes to any question you ask him."
Plaintiff's counsel excepted to this remark and request-
ed the court to rule it out. Defendant's counsel with-
drew the remark, and also requested the court to in-
struct the jury to disregard it.

The court instructed the jury not to consider the re-
mark.

The plaintiff moved the court to grant a new trial,
setting forth among other grounds the alleged improper
remark of defendant's counsel above. The court over-
ruled the motion and plaintiff excepted.

The court refused the following charges requested in
writing by the plaintiff: 6. "The court charges the jury
that a person passing along the public street of a city is
under no obligation to keep a constant lookout for de-
fects in the street, but may walk upon the sidewalk in
the manner which persons ordinarily do, and if he is in-
jured by a defect in the streets of which he has no know-
ledge, and which had existed long enough for the city to
have known it, without fault on his part, your verdict
must be for plaintiff." 9. "The court charges the jury
that under the undisputed evidence in this case they
must find that the plaintiff was injured by reason of a
defect in the sidewalk." 7. "If the jury believe all the
evidence in this case they must find a verdict for the
plaintiff." 4. "The court charges the jury that if they
believe the evidence they must find that the city was
chargeable with notice of the obstructions to the side-
walk."

Thos. H. Smith, for appellant.—Evidence that plain-
tiff applied to the defendant for employment is irrele-
vant.—1 Greenleaf on Evidence, (15 Am. Ed.) 51a, 52.
Evidence of the condition of the sidewalk in June pre-
vious to the injury was too remote.—1 Green. on Ev.,
(15th Am. Ed.), 51, 52; Thrash v. Bennett, 57 Ala. 136;
*Galbreath v. Cole*, 61 Ala. 139. The words "unsafe, im-
passible, and dangerous," were used in the complaint
distributively. On proof that the sidewalk was unsafe,
plaintiff was entitled to recover.—*L. & N. R R. v. Coul-*

*ter*, 86 Ala. 131; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 524; *A. G. S. R. R. Co. v. Baily*, 112 Ala. 177; *L. & N. R. R. Co. v. Mothershed*, 97 Ala. 265; *Highland Ave. & Belt Co. v. Dusenberry*, 94 Ala. 417. Charges requested for plaintiff should have been given.—*Lord v. City of Mobile*, 21 S. R. 368; *Kelly v. Eyster*, 102 Ala. 328; *Carter v. Chambers*, 79 Ala. 228; *Bradford v. Mayor and City Council of Anniston*, 92 Ala. 350; *Albritton v. Mayor and Ald. of Huntsville*, 60 Ala. 495; *Barker v. Dougherty*, 111 Ala. 531-588; *Bessemer Land Co. v. Jenkins*, 111 Ala. 151; *Johnson v. State*, 102 Ala. 18. The court should have granted a new trial.—*Cobb v. Malone*, 92 Ala. 630; *Florence Cotton & Iron Co. v. Field*, 104 Ala. 480; *Anderson v. State*, 104 Ala. 84; *L. & N. R. R. Co. v. Fulghum*, 91 Ala. 554 and 555.

B. B. Boone, *contra*.—It was proper on cross examination to show by plaintiff he was seeking employment as a policeman.—*Martin v. Elden*, 32 Ohio State, 282; *Ingraham v. State*, 67 Ala. 71; *Stoodenmcyer v. Williamson*, 29 Ala. 558. Plaintiff's charge number 6, was properly refused.—*Hughes v. Anderson*, 68 Ala. 280; *Brewer v. Watson*, 71 Ala. 299; *City Council v. Wright*, 72 Ala. 411.

General charge asked by appellee should have been given, there being no evidence that the sidewalk was ever impassable, as alleged.—*R. R. Co. v. Johnston*, 79 Ala. 436; *Smith v. Causey*, 28 Ala. 655; *R. R. Co. v. Dusenberry*, 94 Ala. 416.

COLEMAN, J.—The appellant instituted his action to recover damages for personal injuries sustained, resulting, as alleged, from a defective sidewalk of the city of Mobile. The defect of the sidewalk, as testified to by the plaintiff, consisted of a loose board or plank over a drain or ditch in the sidewalk, and he testified that as he was walking along the sidewalk on or about the 15th of October, 1896, being ignorant of the condition of the sidewalk, he stepped on the plank, and that it rocked or turned with him and caused him to fall. The testimony of the wife corroborated him, and she further testified that the edge of the plank was unsound, and that she observed the defect about a week prior to the injury. The plaintiff objected to evidence offered by the defendant

that in June previous the city repaired this drain, and had placed upon and over the drain a solid plank, fastened down. Standing alone, it may be that the evidence was too remote, but in connection therewith the city introduced evidence that during the same month of the injury, prior to October 27th and presumably after the injury, the city repaired the drain again, and that at that time the plank was solid and fast. It is true that the plank may have been made secure after the injury, and if this had been done, there would be no conflict in the evidence as to the condition of the sidewalk on the night of the 15th of October when the injury occurred. There is no direct evidence of such repairs. The conclusion lies in inference only, and the facts admit of contrary conclusions. The evidence we think was properly admitted, and the court did not err in refusing to plaintiff the general charge.

The plaintiff testified that he was permanently injured by the fall, and that he suffered in his arm, head and groin. The defendant was allowed to prove that in March afterwards he made application to do police duty in the city, and that he was so employed, and that his duties required him to walk up and down the street, and to preserve order, and such duty was performed. We do not regard this evidence as very important, but we are of opinion that it was competent to be considered on the question of the extent of the injury sustained.

There is no doubt there was error in the general charge given by the court *ex mero motu*, but to entitle a party to a reversal for errors in the general charge of the court, as distinguished from charges requested by either party, an exception must be reserved. Section 613 of the Code of 1896 (Acts 1894-5) applies to charges requested in writing and not to the charge given by the court. The record states that the leading counsel for the appellant in the trial court, expressed himself as satisfied with the general charge of the court, and it is evident that he was present at the time a portion of the general charge was repeated to the jury, and that he did not reserve an exception.

In addition to the criticism made by counsel who represent appellant on appeal, see the case of *Torrey v. Burney,* 113 Ala. 496, as to the legal significance of the word "satisfy" when used in an instruction to the jury.

Charge six requested by plaintiff is bad for the reason that the principle asserted imposed a greater liability upon the city than that required by the law. A city is not held unqualifiedly to a knowledge of all defects in its sidewalks, but to a knowledge of those which may and would be discovered by the exercise of reasonable diligence and care. The charge is faulty in that it imposed a liability, if the "defect existed long enough for the city to have known it;" that is, as we construe the charge, if by the exercise of the utmost care and watchfulness, it might have been known. This rule imposes too great a degree of care upon the city.

What has been said with reference to the rulings of the court upon the admission of evidence, sufficiently covers the other assignments of error relative to charges numbered four, seven and nine.

The amendment to the complaint offered to be made by the plaintiff, after the jury had agreed upon a verdict and brought it into court, but before it was announced, came too late. It should have been offered before the cause was finally submitted to the jury.—*Mahan v. Smitherman*, 71 Ala. 563.

The remark of counsel which is assigned as error was immediately withdrawn when made and expressly excluded by the court from consideration by the jury.

We find no error in the record available to appellant.
Affirmed.


*Action for Personal Injuries from Defective Bridge.*