# Kansas City, Memphis & Birmingham Railroad Company *v.* Henson.

### *Action against Railroad Company for Negligently Killing Stock.*

[Decided Feb. 13th, 1902.]

1. *Action for negligently killing stock; plea denying ownership of stock; verification.*—In an action against a railroad company for damages for negligently killing stock, a plea denying that the plaintiff is the owner of the stock is not required to be verified.

2. *Error without injury in ruling on pleadings.*—Where demurrers to certain pleas are erroneously sustained, but defendant has the full benefit of the matters stated therein under another plea, the error being harmless, will not work a reversal of the cause.

3. *Evidence; conclusion of witness.*—In an action against a railroad company for stock killing, a witness may properly be asked whether he saw a place "where there were indications that a cow had been knocked off the track," etc.

4. *Evidence as to value.*—In an action for damages for negligently killing a cow, it is permissible for plaintiff to prove that his cow was a milch cow, and a milch cow was worth more in the market than a beef cow.

5. *Negligence in killing stock; general affirmative charge.*—In an action against a railroad company for damages for negligently killing stock, where it appeared that the track was straight for about two miles each way at the place where the injury occurred, and that the injury occurred on a moonlight night,—it was for the jury to determine whether those in charge of the train were negligent in failing to keep a lookout.

6. *Argumentative charge; what is.*—A charge is argumentative which instructs the jury that "it will be manifestly unfair to the defendant for you not to give the evidence" of an absent witness, which had been written down as a showing for continuance, "the same weight as if he had been present to testify to the said state of facts contained in said statement."

7. *Charge, when misleading; preponderance of the evidence.*—In an action for damages for negligently killing stock, a charge is misleading and properly refused for the use of the words "preponderance of," which instructs the jury that the burden is on plaintiff to show the killing and that the defendant's employes were negligent in so doing, and "that plaintiff must reasonably satisfy you by preponderance of evidence in these two points, and if the plaintiff has failed to do this, you will find a verdict for the defendant."

8. *Stock killing; burden of proof.*—Where stock is killed on a railroad at a place other than at or near a public road crossing, the crossing of two railroads, a regular station or stopping place, or in a village, town or city, the burden of proving negligence is on the plaintiff, and negligence is not presumed from the mere proof of striking the animal.

APPEAL from Lamar Circuit Court.

Tried before Hon. S. H. SPROTT.

Ths action was brought by S. K. Henson against the appellant to recover damages for the alleged negligence of the defendant in killing the plaintiff's cow, the value of said cow being fixed at $75.

The defendant pleaded the general issue and the following additional pleas: "2. Defendant for further answer says it is not guilty of the matter and wrong alleged therein and denies each and every allegation contained in said complaint." "3. Defendant for further answer says that the plaintiff was not the owner of the cow which is the foundation of this suit and for the injury of which plaintiff sues for damage." The plain-

34s

tiff demurred to plea number 2 upon the ground that it should have been sworn to, as it sets up matters that can only be raised by a sworn plea. To plea number 3 the plaintiff demurred upon the ground that said plea was a denial of the ownership of the property alleged to be injured, which can only be set up as a defense by a sworn plea. These demurrers were sustained.

On the trial of the cause the plaintiff proved that he was the owner of the cow alleged to have been killed by reason of being struck by an engine on the defendant's road. The evidence for the plaintiff further tended to show that the place at which the cow was struck was about 200 yards from the depot at Sulligent, and that at the place of the accident the track of the defendant was straight for nearly two miles.

John Gunn, a witness for the plaintiff, testified that he saw the cow when she was struck by the defendant's engine, and that the accident occurred between 7 and 8 o'clock at night on January 25. That it was a moonlight night, and, although it was somewhat cloudy, he recognized that the cow was the one owned by the plaintiff; that he was standing 100 yards from where the accident occurred.

During the examination of the plaintiff, he testified that he did not see the accident, but that when his cow came home the evening of the accident, he discovered that she was injured, and that she died the next day. During the examination of the plaintiff as a witness, he was asked the following questions, to each of which questions the defendant separately objected, and reserved a separate exception to the court's overruling each of such objections: "Did you see a place where there were indications that a cow had been knocked off near the hull house on defendant's railroad?" "Was she ever valuable as a milch cow?" "Was your cow ever at the house of W. W. Stone." "How long had your cow been at Sulligent?" "Do you know whether W. W. Stone is an employe of the defendant?"

During the cross-examination of a witness for the defendant, the plaintiff asked him the following question: "Is not a milch cow worth more in the market than a

beef cow?" The defendant objected to this question on the ground that it called for immaterial and irrelevant evidence. The court overruled the objection, and the defendant duly excepted. It was shown by the evidence for the plaintiff that the cow alleged to have been killed was a milch cow and was valued at $75.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case, they must find for the defendant." (2.) "I charge you, gentlemen of the jury, in this case, if you believe the evidence, there is no negligence shown against the defendant which would authorize the jury to render a verdict for the plaintiff." (3.) "I charge you, gentlemen of the jury, in this case, when the case was called for trial the defendant announced that it was not ready on account of the absence of the witness W. W. Stone, who was sick, and the court being of the opinion that the defendant was entitled to a continuance unless the plaintiff would admit what said Stone would swear, which the plaintiff agreed to do, then I charge, gentlemen of the jury, that it will be manifestly unfair to the defendant for you not to give the evidence of W. W. Stone the same weight as if he had been present to testify to the said state of facts contained in said statement." (5.) "I charge you, gentlemen of the jury, that the burden of proof is on the plaintiff in this case to show the killing, and also to show defendant's servants or employees inflicted the injury by carelessness on their part and that plaintiff must reasonably satisfy you by preponderance of evidence in these two points, and if the plaintiff has failed to do this, you will find a verdict for the defendant." (6.) "The question for the jury to decide in this case is not alone whether or not the plaintiff's cow was killed by the defendant company, but before you can find for the plaintiff you must be reasonably satisfied from the evidence that the killing was caused by the negligence of the defendant or its employes, and the burden of proving such negligence rests in this case upon the plaintiff, and the negli-

gence is not presumed against the defendant from the mere proof of striking the cow." (8.) "If the jury believe from all the evidence that John Gunn could not identify the cow when he said he saw the train strike the cow, then the plaintiff has not made out his case by a reasonable preponderance of the evidence, which authorizes the plaintiff to recover, and your verdict must be for the defendant."

There were verdict and judgment for the plaintiff, and defendant appeals.

WALKER, TILLMAN, CAMPBELL & PORTER, and NESMITH & NESMITH, for appellant cited 16 Am. & Eng. Ency. Law, p. 448, § 13; *A. G. S. R. R. Co. v. Boyd,,* 124 Ala. 525; 108 Ala. 233; 97 Ala. 171.

J. C. MILNER, *contra.* No brief came to the Reporter's hands.

TYSON, J.—The second and third pleas of defendant were not required to be verified. There was error, therefore, in sustaining the demurrer to them for want of a verification.—*Mayor v. White,* 109 Ala. 389; *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350. It appears affirmatively from the record, however, that defendant had the full benefit of them upon the trial under its first plea. The error was harmless.

There is no merit in any of the exceptions reserved to the rulings of the court upon the admission of testimony.

There was testimony tending to show plaintiff's ownership of the cow and the injury to it by one of defendant's locomotive engine. While it was not shown that the injury was inflicted at or near a public road crossing, the crossing of two railroads, a *regular* station or stopping place, or in a village, town or city, it was made to appear that the track of defendant's road at the place at which the alleged injury was committed, was straight for about two miles each way. In view of this evidence and the general duty imposed upon persons in charge of a train to keep a look-out for animals on or near the

[Bridgeport Water Company v. Goodwin.]

track, it cannot be affirmed that there was no evidence tending to show negligence on the part of those operating the train.—*A. G. S. R. R. Co. v. Boyd,* 124 Ala. 525.

Charges 1 and 2 each being the general affirmative charge, were properly refused.

Charge 3 was argumentative.

Charge 5 by the use of the words "preponderance of" was misleading and properly refused.

Charge 6 should have been given. The latter is an exact copy of the one in *A. G. S. R. R. Co. v. Boyd,* which this court said should have been given.

Charge 8 was properly refused for the reason, if for no other, that there was evidence, other than that of John Gunn, from which the jury was authorized to infer the identity of the injured cow.

Reversed and remanded.

