# International Harvester Co. *v.* Gladney.

*Assumpsit.*

(Decided Nov. 26, 1908.   47 South. 733.)

*Bills and Notes; Issues; Evidence.*—Under sections 1801-2, Code 1896, the denial of the execution or assignment of an instrument sued on must be verified, and notes are admissible in evidence in the absence of such verified denial, in proof of what they purport to be on their face, together with the transfers and other endorsements thereon.

APPEAL from Randolph Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the International Harvester Company against S. J. Gladney. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

There was no plea denying the execution or the indorsement of the note, or that they were not the property of the plaintiff. The objections to the introduction of the notes were as follows: First, said notes or bonds are commercial paper and payable at a bank or banking house, and that they are not properly transferable; second, that the legal title to said notes or bonds still remains in the McCormick Harvesting Machine Company, as the transfer should have been signed by the McCormick Harvesting Machine Company by its vice president, giving his name, or by its secretary, giving his name. At the conclusion of the testimony, the notes being excluded, the general charge was given for the defendant.

HOOTEN & OVERTON, for appellants. Counsel insist that the court erred in excluding the notes and bond, and in giving the affirmative charge for defendants,

appellees and cite: *K. C. M. & B. R. R. Co. v. Cobb,*
100 Ala. 228; *Lakeside L. Co. v. Dromgoole,* 89 Ala. 505;
5 Wall. 784; 11 Paige, 635; 97 Mass. 494; 101 Mass. 57.

R. G. ROWLAND, for appellee. No brief came to the
reporter.

SIMPSON, J.—This suit was brought by the appel-
lant against the appellee on negotiable promissory notes
or bonds.

The complaint describes the notes or bonds as made
payable to the McCormick Harvesting Machine Com-
pany, with the statement that they have "been duly
transferred to the plaintiff in writing." The plaintiff
offered in evidence the notes (under seal) made to the
McCormick Harvesting Machine Company, with two in-
dorsements, to wit: "For value received I hereby guar-
antee the payment of the within note at maturity, or
at any time thereafter, and waive demand, protest and
notice of nonpayment thereof. [Signed]    McCormick
Harvesting Machine Co." And: "The McCormick Har-
vesting Machine Company for value received does here-
by transfed, assign, indorse and deliver the within note
or bond to the International Harvester Company of
America. [Signed]    Hiram B. Prentice, Asst. Secty.
G. A. Rannly, Vice-President." Objection was made
and sustained; the court refusing to allow said notes to
be introduced in evidence. Our decisions have been uni-
form that under sections 1801, 1802, Code 1896, if the
making or assignment of a note be alleged in the com-
plaint, or if it purports on its face to be signed, neither
the making not the assignment can be denied except by
a sworn plea.—*Alabama Coal Mining Co. v. Brainard,*
35 Ala. 476, 480; *Montgomery & Eufaula Railrod v.
Trebles,* 44 Ala. 255, 258; *Oxford Iron Co. v. Spradley,*
46 Ala. 99, 104, 105; *Wimberly v. Dallas,* 52 Ala. 196,
197; *Ledbetter & Co. et al. v. Vinton,* 108 Ala. 644, 646,

18 South. 692; *Carter et al. v. Long Bros.*, 125 Ala. 280, 290, 28 South. 74. The court erred in excluding said notes.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.