(93 South. 583)

**STULL v. DANIEL MACH. CO.** (6 Div. 643.)

(Supreme Court of Alabama. May 18, 1922.)

**1. Pleading ☞365(2)—Motion to strike claim of damages in plea of set-off should be specific.**

In action on note, where some of the damages claimed in defendant's plea of set-off were apparently proper, plaintiff's motion to strike "the claim of damages" in the plea should have been more specific, as it in effect moved to strike out all damages.

**2. Appeal and error ☞1042(4)—Refusing motion to strike out claim of damages in plea of set-off not ground for reversal.**

In action on note, since a plaintiff can protect himself from unrecoverable damages claimed in defendant's plea of set-off by objecting to the evidence which tends to prove the damages, or by excepting to the oral charge of the court as to the damages, or by asking special charges on the subject, the court will not be put in error for refusing to strike them from the plea.

**3. Bills and notes ☞485—General denial need not be verified.**

In action on note, a plea that "defendant denies all the allegations of said count" need not be verified, as it presents only the general issue under Code 1907, § 5331.

**4. Bills and notes ☞484—Plea of payment need not aver payment by defendant.**

In action on note, a plea of payment need not aver payment by defendant, in view of Code 1907, form, 35, § 5382.

**5. Bills and notes ☞476(2)—Plea of failure of consideration should state facts.**

A plea of failure of consideration for a note should state the facts constituting the failure of consideration, under Code 1907, § 5330.

**6. Pleading ☞425—Plaintiff's right to service of pleas of set-off and time to plead thereafter held waived by general appearance and trial on merits.**

Plaintiff waived his right of service of copies of pleas of set-off and of time to plead thereafter given by Gen. Acts 1919, pp. 555, 556, by appearing generally and filing motion to strike pleas, and by demurring to the pleas, and by participating in trial of the cause on the merits.

**7. Pleading ☞144—Pleas of set-off held good.**

In action on note, a plea of set-off for work and labor done and for material furnished by defendant for plaintiff under agreement with plaintiff, and also a statement of claim by defendant against plaintiff for a named sum due by account, which defendant offered to set off against plaintiff's demand, and claimed judgment for the balance, held each to state a cause of action by defendant against plaintiff, under Code 1907, § 5858, and section 5382, forms 10 and 37.

**8. Pleading ☞144—Set-off and counterclaim ☞33(1)—Plea of set-off held good; transaction held subject of set-off.**

In action on note, a plea, apparently framed under Code 1907, § 5382, form 9, that the defendant contracted to furnish the material and manufacture a set of baking irons for a baking machine, and plaintiff agreed to satisfy and surrender the note and to deliver to defendant the set of old baking irons on the machine, and that plaintiff breached his contract by failing to deliver either the note or the baking irons, and that as a proximate result of the breach the note was not surrendered and said baking irons, of a named value, were lost to defendant, stated a cause of action, and the transaction was such as may be the subject of set-off.

**9. Bills and notes ☞516—Plaintiff held to have made out prima facie case.**

In action on note, where plaintiff introduced the note in evidence, made proof as to the amount of attorney's fee for collecting it, and there was no sworn plea denying its execution, and it was read to the jury, this made out a prima facie case for the jury.

**10. Bills and notes ☞537(1)—On conflicting evidence general affirmative charge with hypothesis for plaintiff held properly refused.**

In action on note where there was conflict in the evidence as to each of the set-off pleas, held, that the general affirmative charge with hypothesis for plaintiff was properly refused.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Appeal and error ⊚⟿197(1)—Variance not objected to not ground for reversal.**

Where, although there was a variance in defendant's evidence as to certain plea, there was no objection to the evidence on .account of the variance, nor suggestion of this variance on any grounds of objection made to questions, and the court's attention was not called to it when the general affirmative charge as to this plea was requested by plaintiff, the court will not be put in error for refusing such charge, under circuit court rule 34 (175 Ala. xxi).

**12. Bills and notes ⊚⟿538(7)—General affirmative charge on payment held properly refused.**

In action on note, where there was evidence under one plea tending to show that under agreement between plaintiff and defendant the note was paid or should be surrendered in consideration of certain baking irons made and furnished by defendant for plaintiff's machine to pay the note, the court properly refused to give the general affirmative charge in favor of plaintiff as to another plea, which was a plea of payment, as this general charge on payment would be calculated to mislead the jury.

**13. Trial ⊚⟿260(9)—Refusal of charge already covered held not injurious.**

In action on note, plaintiff was not injured by the court's refusal of a general charge on payment which was fully covered by the general oral charge of the court, under Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815.

**14. Sales ⊚⟿345, 384(7)—Resale or utilization of goods refused not necessary to fix buyer's liability.**

A resale or utilization by the seller of goods sold and refused by buyer is not necessary to fix the buyer's liability for breach of contract, and is but one mode, and not the only one, of ascertaining the amount of damages.

**15. New trial ⊚⟿72—Verdict not to be set aside unless clearly against weight of evidence.**

Verdict will not be set aside on motion for new trial on ground that verdict was contrary to weight of evidence unless clearly contrary to weight of evidence.

**16. Appeal and error ⊚⟿501(4)—Exception to oral charge appearing in record of general charge, but not in bill of exceptions, held not to be considered.**

Where in the record proper was set out the court's oral charge, in which there appeared an exception to the court's oral charge, but such exception did not appear in the bill of exceptions, the exception could not be considered, under Code 1907, § 5364, as amended by Acts 1915, p. 815.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Action on promissory note by D. L. Stull against the Daniel Machine Company, with judgment over for defendant, and plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

Weatherly, Birch & Hickman, of Birmingham, for appellant.

Plea of set-off, asking judgment over, should be as specific as a complaint, and the motion to strike the claim of damages should have been granted. 104 Ala. 430, 16 South. 59. When a contract has been breached, and the injured party claims damages on account thereof, it is the duty of the party claiming to minimize the damage. The court erred in refusing the plaintiff's requested charge (quoted in the opinion) stating this rule. 32 Ala. 54; 2 Ala. App. 608, 56 South. 767; ·50 Ala. 206; 64 Ala. 308, 38 Am. Rep. 8; 68 Ala. 69, 44 Am. Rep. 134; 138 Ala. 395, 35 South. 327.

Harsh, Harsh & Harsh, of Birmingham, for appellee.

The court will not be put in error for refusal to strike elements of damage, there being other remedies—by objecting to the evidence, by excepting to the oral charge, and by requesting special instructions. 201 Ala. 111, 77 South. 403; 190 Ala. 305, 67 South. 430; 53 Ala. 110; 201 Ala. 222, 77 South. 748; 62 South. 317. Plea of payment was sufficient. 10 Ala. 856; 24 Ala. 439.

MILLER, J.  D. L. Stull sues W. H. Daniel, doing business as Daniel Machine Company, for $1,000 due by promissory note made by him, waving exemptions as to personal property and agreeing to pay a reasonable attorney's fee for its collection. The defendant pleaded general issue, payment, failure of consideration and three pleas of set-off. There was verdict for defendant for $226.67, judgment thereon by the court, and an appeal therefrom by the plaintiff.

[1, 2] The plaintiff's motion to strike "the claim of damages" in the set-off plea, numbered 5, was overruled and refused by the court. The motion is to strike "the claim of damages." Some of the damages claimed are clearly and specifically averred and appear to be the natural and proximate consequence of the breach. The motion ·should have been more specific in referring to the damages. It in effect moves to strike all damages, when some are proper. The motion should point out the damages claimed which are not the natural and proximate consequence of the breach of the contract; and the court should not be required to look and search for and then separate the proper from the improper damages. The plaintiff can protect himself from unrecoverable damages by objecting to the evidence which tends to prove the damages, or by excepting to the oral charge of the court as to the damages, or by asking special charges on the subject. As the plaintiff can protect himself in those ways from the recovery of improper damages claimed, the court will not be put in error for refusing motion to strike them from the plea. The

court did not err in refusing the motion. Vandiver v. Waller, 143 Ala. 411, 39 South. 136; Bixby v. Evans, 174 Ala. 571, 57 South. 39; Roddam v. Brown, 201 Ala. 111, 77 South. 403; Goldsmith v. Picard, 27 Ala. 142.

[3] The plaintiff demurred to and moved to strike plea numbered 1. The court overruled the demurrers and refused the motion. This plea reads: "Defendant denies all the allegations of said count." It is not necessary for this plea to be verified. The cases holding such a plea put in issue the execution of the note (Mobile & M. Ry. Co. v. Gilmer, 85 Ala. 422, 5 South. 138, and E. A. Ins. Co. v. Osborn, 90 Ala. 201, 9 South. 869, 13 L. R. A. 267) were overruled and modified in L. & N. R. Co. v. Trammell, 93 Ala. 350, 9 South. 870. This plea presents only the general issue. It states, in effect, that "the allegations of the complaint are untrue." The court did not err in overruling the demurrers to it, and properly refused the motion to strike it. Section 5331, Code 1907; L. & N. R. Co. v. Trammell, 93 Ala. 350, 9 South. 870; Kas. City, M. & B. R. Co. v. Henson, 132 Ala. 528, 31 South. 590; Mayor, etc., v. White, 109 Ala. 389, 19 South. 428.

[4] Plea 3 reads as follows: "Defendant says that the note sued on had been paid before the filing of this suit." This is not exactly in the Code form. Volume 2, Code 1907, p. 1202 (35). It fails to aver that he (the defendant) paid the note; it avers it was paid before the filing of the suit. If this averment that defendant paid it was necessary, the demurrers do not raise the point or question. The Code form does not require the plea to state to whom it was paid. The plea avers the note sued on had been paid before the filing of this suit. This court has said:

"It makes no difference whether such payment proceeds from a party to the transaction or a stranger." Brewer v. Branch Bank, 24 Ala. 440.

In McLane v. Miller, 10 Ala. 856, this court also wrote:

"When the party has accepted a satisfaction, it is immaterial whether it moves from a stranger or from one who is directly bound."

This plea avers the note was paid; it avers it was paid before the suit was filed; and from the above authorities it does not appear essential that it should aver payment by the defendant. It is immaterial by whom it was paid—the defendant or a stranger. There is no demurrer to the plea because it fails to state by whom (the defendant or a stranger, giving the stranger's name) it was paid. This averment may be necessary to put plaintiff on notice so he could meet the evidence; but this we do not decide, as it is not raised by the demurrer. The plea was not subject to the grounds stated in the demurrers to it; and the demurrers were properly overruled

by the court. Form 35, § 5382, Code 1907, vol. 2, p. 1202; Brewer v. Branch Bank, 24 Ala. 440; McLane v. Miller, 10 Ala. 856.

[5] Plea 4 reads: "Defendant further says that the consideration for said note has failed." Plaintiff demurred to it because "it does not appear in what manner the consideration for said note failed." It was overruled by the court. It should have been sustained. The plea fails to state the facts constituting the failure of consideration. The facts showing the failure of the consideration of the note should have been averred in the plea, that a material issue could be taken thereon. It appears as a legal conclusion in the plea without any facts on which to base it. Section 5330, Code 1907, and authorities there cited; Carmelich v. Mims, 88 Ala. 335, 6 South. 913.

[6] Pleas of set-off numbered 5, 6, and 7 were filed in the cause on the day of the trial. The plaintiff filed motion to strike "the claim of damages made in plea 5" therefrom and also filed motion to strike pleas 5, 6, and 7 because they were filed on the day of the trial and no copy of either of them had been served on the plaintiff or his attorney of record as the law requires. Both motions were heard and considered by the court, and both overruled. The plaintiff did not appear specially—limit his appearance—by the motions, but appeared generally by them.

Demurrers to the complaint were ruled on by the court on the same day the set-off pleas were filed. The filing of the set-off pleas were at that time allowed by the court as a matter of right to the defendant. It was not necessary for the defendant to file these pleas until the court overruled the demurrers to the complaint. Hence the motion to strike these pleas of set-off from the file was properly refused by the court. Gen. Acts 1919, pp. 555 and 556, approved September 25, 1919; section 5346, as amended by Gen. Acts 1915, p. 825. When two of these pleas of set-off, numbered 5 and 7 were filed, the plaintiff was entitled to legal notice thereof and the right to plead or demur to them within 30 days thereafter, because they were pleas on which the judgment by default may be taken; they each claimed an amount in excess of the amount claimed by plaintiff. Gen. Acts 1919, pp. 555, 556, approved September 25, 1919. The plaintiff did not object to going on with the trial because he had not been served with notice of the filing of the pleas of set-off as required by law and because he had not been allowed the time to plead to them as the law permits. A set-off plea, upon which a judgment by default may be taken, is regarded as a cross-action by defendant against plaintiff; and, when filed, a copy thereof must be issued by the clerk and served by the sheriff upon the plaintiff or his attorney of record in the cause. This gives plaintiff time to secure his witnesses

and prepare his defense. Gen. Acts 1919, pp. 555, 556. This court has held:

"A general appearance by a defendant * * * may even dispense with the necessity of the service of all process, the purpose of which is only to bring him into court." Birmingham, etc., Mills v. Wilder & Co., 85 Ala. 593, 5 South. 307.

The plaintiff waived his right of service of copy of the pleas of set-off and waived the time allowed him to plead after service of the notice, by appearing generally and filing the motions in regard to the pleas, and by demurring to the pleas, and by participating in the trial of the cause on the merits. Ward v. Manly, 113 Ala. 631, headnote 1, 21 South. 307; Goldsmith v. Stetson & Co., 39 Ala. 183, headnote 2; McCaskey & Ratcliff v. Pollock, 82 Ala. 174, 2 South. 674.

[7] Plea 6 is a claim for work and labor done and for material furnished by defendant for plaintiff under agreement with plaintiff, which defendant offers to set off against the claim of plaintiff. Plea 7 is a statement of claim by defendant against plaintiff for $1,500 due by account, which defendant offers to set off against the demand of plaintiff, and claims judgment for the excess. Each of these pleas, 6 and 7, states a cause of action by defendant against plaintiff, and neither is subject to the grounds of demurrer assigned to them; and the court did not err in overruling the demurrers to these pleas. Sections 5858, 5382, Code 1907, forms Nos. 10 and 37.

[8] The plaintiff demurred to plea 5. The court overruled the demurrer, and this is assigned as error. This plea avers that plaintiff and defendant entered into an agreement a short time after the execution of the note; that this agreement was in substance as follows:

"That defendant would furnish the material and manufacture one set of 24 baking irons at Birmingham, Ala., for a certain Stull automatic rotary cone-baking machine, which machine was out at Bessemer, and plaintiff agreed to satisfy and surrender to defendant the note which is now sued on, and to deliver to defendant Birmingham, Ala., the set of baking irons then on said cone-baking machine, and defendant avers that he has complied with all the terms of said agreement on his part, but plaintiff has breached said agreement as follows, viz.:

"(1) Plaintiff failed or refused to satisfy and surrender said note to defendant, but, on the contrary, has sued thereon.

"(2) Plaintiff has failed or refused to deliver to defendant at said Birmingham or elsewhere said set of baking irons then on said cone-baking machine."

The plea also avers as a proximate cause of said breach the note has not been satisfied and surrendered to defendant, and said baking irons, which were of the value of $400,

were lost to the defendant. The plea states the agreement between the parties; it states a compliance with all the terms of the agreement by the defendant; it avers failure by the plaintiff to comply with his part of the agreement; and it avers defendant was damaged as a proximate consequence of the breach of the agreement by plaintiff. It appears to be framed under form No. 9—on a dependent covenant or agreement—under section 5382 of the Code of 1907. It states a cause of action; it is a separate agreement from the note; it is a different transaction. Under the averments of the plea a debt was created; the debt was due and unpaid at the time the suit was filed. It was such a transaction as may be made the subject of set-off. The court did not err in overruling the grounds of the demurrer assigned to it. Merchants' Bank v. Acme Lumber & Mfg. Co., 160 Ala. 435, 49 South. 782; St. L. & Tenn. R. P. Co. v. McPeters, 124 Ala. 451, 27 South. 518; Carolina-Portland Cement Co. v. Ala. Con. Co., 162 Ala. 380, 50 South. 332.

[9, 10] The plaintiff requested the court to give the general affirmative charge with hypothesis. The court refused to give it. This is assigned as error. The plaintiff introduced in evidence the note; made proof as to the amount of the attorney's fee for collecting it; there was no sworn plea denying the execution of the note; it was read to the jury; so this made out a prima facie case for the plaintiff. International Harvester Co. v. Gladney, 157 Ala. 548, 47 South. 733. There was evidence tending to prove each of the set-off pleas of the defendant; and, if this evidence was believed by the jury, the note sued on was paid or should have been surrendered to the defendant under the agreement averred in plea 5, and judgment rendered in favor of the defendant for the amount due in excess of the amount claimed by plaintiff on the note. The evidence was in conflict, direct conflict, by positive testimony, or clear inferences therefrom on each of the set-off pleas of the defendant. The credibility of the evidence was for the jury to settle. Under this evidence and its tendencies, this general affirmative charge with hypothesis for plaintiff was properly refused by the court. Morrison v. Clark, 196 Ala. 670, 72 South. 305; West. Ry. of Ala. v. Mays, 197 Ala. 367, 72 South. 641; Bowen v. Hamilton, 197 Ala. 418, 73 South. 5.

The general affirmative charge was refused by the court as to each of pleas 5, 6, and 7. In this there was no error. These were the set-off pleas. There was evidence tending to prove and to disprove each of the material averments in each plea. The issue on each of them on the conflicting evidence was properly left to the jury to decide. Morrison v. Clark, 196 Ala. 670, 72 South. 305.

[11] It is true that in plea 5 the averments were that the machine was at Bessemer, and

the proof showed the machine in controversy was at Milwaukee, Wis. There was no objection to the evidence on account of this variance; there was no suggestion of this variance on any grounds of objection made to questions; and the court's attention was not called to it when this general affirmative charge as to this plea was requested. Hence the court will not be put in error for refusing this charge. Rule 34, Circuit Court (175 Ala. xxi); Bowdoin v. Ala. Chem. Co., 201 Ala. 582, 79 South. 4; City Cleaning Co. v. Birmingham Water Wks. Co., 204 Ala. 51, 85 South. 291.

[12, 13] The court did not err in refusing to give the general affirmative charge in favor of plaintiff as to plea 3. This was the plea of payment. There was evidence under plea 5 that tended to show that under agreement between plaintiff and defendant the note was paid or should be surrendered for 24 irons made and furnished by defendant for the machine of plaintiff to pay the note. Hence this general charge on payment was calculated to mislead the jury. It was fully covered by the general oral charge of the court. Its refusal did not injure the plaintiff. 2 Mayfield Dig. p. 573, § 17; section 5364, as amended Gen. Acts 1915, p. 815.

[14] The plaintiff asked this charge, and it was refused by the court:

"I charge you that, if you are reasonably satisfied from the evidence that plaintiff, Stull, made verbal contract with defendant, Daniel, to manufacture or build set of baking irons between June 24 and July 1, 1919, and if you are further reasonably satisfied from the evidence that plaintiff, Stull, breached said agreement, and refused to accept such irons, that it then became the duty of defendant, Daniel, to minimize any damage accruing to him on account of the breach of any agreement by the said Stull, and it then became the duty of said Daniel to utilize or sell such baking irons. and charge the said Stull with the difference between the agreed price thereof and what he realized for the sale or utilization thereof."

This charge is in error in stating "it then became the duty of said Daniel to utilize or sell such baking irons, and charge the said Stull with the difference between the agreed price thereof and what he realized for the sale or utilization thereof." A resale or utilization of the baking irons was not necessary to fix the liability of the defendant for a breach of the contract. A resale or utilization of the irons was one mode. but not the only way of ascertaining the amount of damages. West v. Cunningham, 9 Port. 104, 33 Am. Dec. 300; Gwin v. Hopkinsville Milling Co., 190 Ala. 346, 67 South. 382; Cassells' Mill v. Strater Bros. Grain Co., 166 Ala. 274, 51 South. 969; Moore v. Potter, 155 N. Y. 481, 50 N. E. 271, 63 Am. St. Rep. 692. This charge ignores that part of the evidence showing or tending to show the duty or

right of the defendant to stand ready, willing, and able to perform his part of the contract by delivering the baking irons to plaintiff, when plaintiff surrendered the note to him. It was therefore properly refused by the court. West v. Cunningham, 9 Port. 104, 33 Am. Dec. 300; Moore v. Potter, 155 N. Y. 481, 50 N. E. 271, 63 Am. St. Rep. 692.

[15] The court refused plaintiff's motion for a new trial. One plea averred plaintiff agreed with defendant to satisfy and surrender to defendant the note sued on, and defendant was to furnish material and manufacture one set of 24 baking irons therefor, and plaintiff under said agreement was also to deliver to defendant the set of baking irons then on said cone-baking machine. There was evidence tending to show that defendant performed his part of this contract. If this testimony was believed by the jury, plaintiff was not entitled to a verdict; the note should have been satisfied and surrendered to defendant under the contract. There was also evidence, if believed by the jury, which gave defendant the right to recovery against plaintiff. The verdict is not contrary to the great weight of the evidence. There is ample evidence to sustain the verdict. It does not appear from the evidence to be wrong or unjust. The court did not err in refusing the motion. Birmingham Nat. Bank v. Bradley, 116 Ala. 142, 23 South. 53.

[16] The oral charge of the court is set out in the record proper. In the oral charge in the record we find this statement to the court by attorney of plaintiff:

"We except to all of that last part of the charge, and we especially reserve an exception to that part of the charge relating to plea No. 7."

The bill of exceptions does not contain this exception to the oral charge of the court. It does not appear in the bill of exceptions. That part of the oral charge of the court excepted to should be shown in the bill of exceptions, and the exception to it noted therein. Hence we cannot consider this exception to the oral charge, appearing in the record of the general charge of the court, but not in the bill of exceptions. Section 5364, as amended by Acts 1915, p. 815; Abbott v. City of Mobile, 119 Ala. 595, headnote 4, 24 South. 565.

The evidence is without dispute that plaintiff loaned defendant $1,000 cash, evidenced by the note sued on and described in the complaint. If the court erred in refusing to give the general affirmative charge as to plea 4 (the failure of consideration plea), then it was cured by the oral charge of the court. The error of the court in overruling demurrers to this plea four was also cured by the oral charge. There was no evidence to sustain that plea; and the court so charg-

ed the jury. One part of the oral charge of the court on that subject is as follows:

"The note was introduced in evidence, and is not denied. The defendant says the note was made and the money received—$1,000. There is no dispute in this case about the genuineness of the note or the money being paid to Mr. Daniel. On the other hand, Mr. Daniel says in the several pleas filed by him that he does not owe the plaintiff anything."

As there are no reversible errors in the record, the judgment is affirmed.

Affirmed.

All the Justices concur.